IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                       No. CR 08-2599 JB

REGINALDO MADERA-HUIGERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Unopposed Motion to Dismiss Defendant's Counsel, filed May 12, 2009 (Doc. 21). The primary issue is whether the Court should grant Defendant Reginaldo Madera-Huigera's motion to obtain new counsel. Because neither the United States nor Madera-Huigera's counsel oppose the motion, and there appears to be good cause to grant Madera-Huigera's request, the Court will grant the motion and allow Madera-Huigera to seek new counsel.

## PROCEDURAL BACKGROUND

Madera-Huigera is currently represented by counsel. In a document he signed and filed personally, rather than through counsel, Madera-Huigera moves the Court to dismiss his current counsel, Leon F. Encinias. See Motion at 1.[1] Madera-Huigera's motion cites several provisions of the New Mexico Rules of Professional Conduct, apparently contending that his attorney is not providing him competent representation because of workload, failing to communicate, and failing to be diligent.

No response to the motion has been filed to date, over a month after the motion was filed.

---

[1] In his motion, Madera-Huigera styles his name as Madera Reginaldo.

Although the motion states it is unopposed, the Court has had its Courtroom Deputy Clerk contact the attorneys in this case to ensure that this representation is accurate. Both the Assistant United States Attorney, John C. Anderson, and Mr. Encinias have informed the Court's Courtroom Deputy Clerk that they do not oppose the motion.

## **RELEVANT LAW REGARDING A LAWYER'S RESPONSIBILITY TO HIS OR HER CLIENT**

In his motion, Madera-Huigera references three sections of the New Mexico Code of Professional Conduct. First is N.M.R.A. 16-101, which relates to competence, stating that "[a] lawyer shall provide competent representation to a client." Under the heading of competence, Madera-Huigera also cites Hilliard v. Ins. Co. of North America., 17 N.M. 664, 132 P. 249 (1913), which refused to reinstate a case that was dismissed for failure to timely file and serve briefs. The Supreme Court of New Mexico stated that counsel being busy and having "so much to do" was not a sufficient justification for the failure to file or seek an extension of time. Id., 132 P. at 250.

The second section of the Code Madera-Huigera cites is N.M.R.A. 16-104, which covers a variety of matters related to communication between an attorney and client. In particular, Madera-Huigera apparently references 16-104(3), which requires that an attorney "keep the client reasonably informed about the status of the matter." He also cites In re Reid, 116 N.M. 38, 859 P.2d 1065 (1993), in which the Supreme Court of New Mexico held that the predecessor of the provision -- the citation is different, but the language remains unchanged – necessarily implies that a "'lawyer will provide accurate information to his client.'" Motion ¶ 2, at 1 (quoting In re Reid, 116 N.M. at 40, 859 P.2d at 1067).

Finally, Madera-Huigera cites N.M.R.A. 16-103, which states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." He also cites to In re Darnell, 123

N.M. 323, 940 P.2d 171 (1997). The proposition to which Madera-Huigera apparently wishes to refer is the observation in that case that a disciplinary board found that an attorney who failed to respond to his client or account for the client's funds committed several violations of the Code of Professional Conduct, including N.M.R.A. 16-103. See In re Darnell, 123 N.M. at 326, 940 P.2d at 174.

### ANALYSIS

Madera-Huigera's motion is a form motion that the Court recalls seeing before in other cases. See United States v. Garcia-Ruiz, No. CR 08-0827 JB (Doc. 43)(D.N.M.). The motion apparently states that Mr. Encinias failed to act with reasonable diligence and promptness. There is also a suggestion that Mr. Encinias failed to keep Madera-Huigera informed about his case and indicated to Madera-Huigera that he had a very busy law practice.

The Court need not make any finding, however, about Mr. Encinias' competence or diligence, because it appears that communications, and any relationship between attorney and client, have broken down in this case. Neither Mr. Encinias nor Mr. Anderson opposes this motion. Based upon Madera-Huigera's motion, and upon the lack of opposition to it, it appears to the Court that Madera-Huigera and Mr. Encinias are unable to communicate effectively any longer. Communication is vital to the maintenance of a working attorney-client relationship. In such circumstances, and given the lack of opposition from the United States about the ensuing delay new counsel may necessitate, the Court sees no reason not to allow Madera-Huigera to obtain new counsel. Accordingly, the Court will grant Madera-Huigera's motion and appoint new counsel for him. The Court emphasizes that, by granting Madera-Huigera's motion, the Court in no way impugns Mr. Encinias' handling of this matter.

**IT IS ORDERED** that the Unopposed Motion to Dismiss Defendant's Counsel is granted.

                                                                          /signed/
UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Gregory J. Fouratt
  United States Attorney
John C. Anderson
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Leon F. Encinias
Albuquerque, New Mexico

      *Attorney for the Defendant*

Reginaldo Madera-Huigera
Torrance County Detention Facility
Estancia, New Mexico

      *Defendant*